PAE AO 241
(Rev. 05/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Petition for Relief from a Conviction or Sentence**
**By a Person in State Custody**
**(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)**

## INSTRUCTIONS

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from conviction of the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Your habeas corpus petition must be filed within the 1-year statute of limitations time limit set forth in 28 U.S.C. § 2244(d)(1). (There are limited circumstances in which the petition may be amended, within the one-year time period, to add additional claims or facts, see Federal Rules of Civil Procedure 15; or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, see United States v. Thomas, 221 F. 3d 430 (3d Cir. 2000)).

4. Make sure the form is typed or neatly written.

5. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

6. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or argument, you must submit them in a separate memorandum.

7. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out an Application to Proceed in District Court without Prepaying Fees or Costs. **Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.**

PAE AO 241
(Rev. 05/2018

8.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

9.  As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition. 28 U.S.C. § 2254(b)(2) provides that the federal court may deny your petition on the merits even if you have not exhausted your remedies.

10. As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that was presented in a prior habeas corpus petition.

11. As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that was not presented in a prior habeas corpus petition unless you show:

    (A)  the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable; or

    (B)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.

    Before such a second or successive petition may be filed in the district court, however, the petitioner must move in the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

12. When you have completed this form, send the original and **these instructions** to the Clerk of the United States District Court at this address:

    **Clerk**
    **United States District Court**
    **for the Eastern District of Pennsylvania**
    **601 Market Street, Room 2609**
    **Philadelphia, PA 19106**

PAE AO 241
(Rev. 05/2018

13.  <u>CAUTION</u>: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge and you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

14.  <u>CAPITAL CASES</u>: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

PAE AO 241
(Rev. 07/10)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **Eastern District of Pennsylvania** |
|---|---|
| Name (under which you were convicted):<br>*Jose Pajan* | Docket or Case No.: |
| Place of Confinement:<br>*S.C.I Mahanoy* | Prisoner No.: *QC 3825* |

| Petitioner (Include the name under which you were convicted):<br>*Jose Pajan* | Respondent (Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner):<br>*Bernadette Mason* |
|---|---|
| | and |
| v. | |
| | The District Attorney of the County of: *Philadelphia* |
| | and |
| | The Attorney General of the State of: *Pennsylvania* |

### PETITION

1.  (a)   Name and location of court that entered the judgment of conviction you are challenging:

    *Common Pleas of Philadelphia County*

    (b)   Criminal docket or case number (if you know): *CP-51-CR-0003902-2019*

2.  (a)   Date of judgment of conviction (if you know): *December 12, 2019*

    (b)   Date of sentencing: *March 12, 2020*

3.  Length of sentence: *Eight (8) to sixteen (16) years*

4.  In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: *Unlawful contact with a minor; Endangering the welfare*

of children; corruption of minors; and
indecent assault

6.    (a)    What was your plea? (Check one)

☑ (1)    Not Guilty          ☐ (3)    Nolo contendere (no contest)

☐ (2)    Guilty              ☐ (4)    Insanity plea

(b)    If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge,
       what did you plead guilty to and what did you plead not guilty to? _____

       _____

       _____

       _____

       _____

(c)    If you went to trial, what kind of trial did you have? (Check one)

☑    Jury                    ☐    Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ☐    Yes                ☐    No

8.    Did you appeal from the judgment of conviction?

      ☑    Yes                ☐    No

9.    If you did appeal, answer the following:

      (a)    Name of court: Superior Court of Pennsylvania

      (b)    Docket or case number (if you know): 1602 EDA 2020

      (c)    Result: Judgement of Sentence affirmed

      (d)    Date of result (if you know): November 9, 2021

      (e)    Citation to the case (if you know): _____

      (f)    Grounds raised: The court imposed an unduly harsh
      and excessive sentence

      _____

      _____

      _____

      _____

PAE AO 241
(Rev. 07/10)

(g)    Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h)    Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Common Pleas of Philadelphia County

(2) Docket or case number (if you know): CP-51-CR-0003902-2019

(3) Date of filing (if you know): December 8, 2022

(4) Nature of the proceeding: Post Conviction Relief Act

(5) Grounds raised: Trial Counsel was ineffective for failing to call witness

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes        ☑ No

(7) Result: _PETITION DISMISSED_

(8) Date of result (if you know): _July 18, 2023_

(b)    If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes        ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(c)    If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐    Yes                    ☐    No

(7) Result: _____

(8) Date of result (if you know): _____

(d)    Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion:

(1)    First petition:        ☑  Yes        ☐    No
(2)    Second petition:     ☐    Yes        ☐    No
(3)    Third petition:       ☐    Yes        ☐    No

(e)    If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____
_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: Manifestly Excessive and Harsh Sentence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The court issued consecutive sentences for convictions even though they stemmed from a single criminal incident.

_____
_____
_____

PAE AO 241
(Rev. 07/10)

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☑   Yes           ☐   No

    (2) If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

    state trial court?

        ☐   Yes           ☐   No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?    ☐   Yes    ☐   No

    (4) Did you appeal from the denial of your motion or petition?    ☐   Yes    ☐   No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        ☐   Yes           ☐   No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise

this issue: _____

_____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** *Petitioner's Trial Counsel was*
*ineffective*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Trial counsel failed to present testimony from*
*Tiffany Gorham, which would have provided that*
*petitioner was on the phone with her the*
*entire time of the alleged incident and there*
*is no way petitioner could have assaulted*
*anyone*

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes          ☐ No

PAE AO 241
(Rev. 07/10)

(2) If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

state trial court?

☑ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Post Convictind Relief Act*

Name and location of the court where the motion or petition was filed: *Common Pleas*

*of Philadelphia county*

Docket or case number (if you know): *CP-51-CR-0003902-2019*

Date of the court's decision: *July 18, 2023*

Result (attach a copy of the court's opinion or order, if available): *Dismissed*

_____

(3) Did you receive a hearing on your motion or petition?        ☐ Yes        ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☑ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Pennsylvania*

*Superior*

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise

this issue: _____

_____

_____

PAE AO 241
(Rev. 07/10)

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐   Yes            ☐   No

(2) If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes            ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

PAE AO 241
(Rev. 07/10)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No | |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No | |

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

      ☐ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise

this issue: _____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

PAE AO 241
(Rev. 07/10)

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

**(c) Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☐   Yes        ☐   No

    (2) If you did not raise this issue in your direct appeal, explain why? _____

    _____

    _____

**(d) Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

    state trial court?

        ☐   Yes        ☐   No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    (3) Did you receive a hearing on your motion or petition?      ☐ Yes      ☐ No

    (4) Did you appeal from the denial of your motion or petition?      ☐ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐   Yes          ☐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is  "No," explain why you did not raise this issue: _____

_____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.)  that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

13.    Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?          ☑  Yes        ☐   No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

PAE AO 241
(Rev. 07/10)

(b)  Is there any ground in this petition that has not been presented in some state or federal court?  If

so, which ground or grounds have not been presented, and state your reasons for not presenting

them: _____

_____

_____

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the

conviction that you challenge in this petition?        ☐  Yes        ☑  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the

issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.

Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or

federal, for the judgment you are challenging?        ☑  Yes        ☐  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and

the issues raised: _____

_____

_____

_____

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of

the judgment you are challenging:

(a)  At preliminary hearing:  *Greshan Cooney, Esquire* _____

_____

(b)  At arraignment and plea: _____

_____

PAE AO 241
(Rev. 07/10)

(c)    At trial: *John Konshak, Esquire*

(d)    At sentencing: *Timothy Tarpey, Esquire*

(e)    On appeal: *Timothy Tarpey, Esquire*

(f)    In any post-conviction proceeding: *Timothy Tarpey, Esquire*

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes    ☑ No

(a)    If so, give the name and location of the court that imposed the other sentence you will serve in the future: _____

(b)    Give the date the other sentence was imposed: _____

(c)    Give the length of the other sentence: _____

(d)    Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes    ☐ No

18.    **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition*

*Petitioner's direct appeal was complete on 12/9/21, when the PA Superior Court affirmed the judgment and no Allocatur was sought. A PCRA petition was filed on 12/9/22. After relief was denied on 7/18/23, a timely appeal was taken. Appellate proceedings*

PAE AO 241
(Rev. 07/10)

*are currently pending*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of -

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Issue a writ of Habeas Corpus to have petitioner brought before it to the end that he may be discharged from his unconstitutional confinement and restraint.*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

PAE AO 241
(Rev. 07/10)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____.

(month, date, year)

Executed (signed) on _____8/22/2023_____ (date).

_____

Signature of Petitioner

If the person signing is not the petitioner, state the relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

_____

_____

Jose Pagan
No. QC-3825
SCI Mahanoy
301 Grey Line Drive
Frackville, PA
17931



INMATE MAIL
PA DEPT OF
CORRECTIONS

quadient
PRIORITY MAIL
IMI
$009.55⁰
08/29/2023 ZIP 17932
043M31230995
US POSTAGE

U.S.M.S. X-RAY

U.S. District Court - Eastern
Office of the Clerk
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA
19106

RECEIVED
AUG 31 2023
BY:_____



UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

9114 9012 3080 3112 8285 62



PRIORITY MAIL
TRACKED INSURED
UNITED STATES POSTAL SERVICE®
For Domestic and International Use    Label 107R, May 2014